UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Evelyn Proctor Waddell, | ) | Case No. 07-50615 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Michael A. Schlosser, | ) | Adversary Proceeding |
| Rebecca H. Schlosser, | ) | Case No. 07-06023 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| William T. Rightsell, | ) | |
| Howard A. Knox, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND**

This matter came on before the Court on July 11, 2007 following the Plaintiffs' Motion

for Remand to state court in Davidson County, North Carolina. Manning A. Connors appeared

on behalf of the plaintiffs, Michael and Rebecca Schlosser, Daniel C. Bruton appeared on behalf

of the defendant, William T. Rightsell, and Phillip Bolton appeared on behalf of the debtor,

Evelyn P. Waddell. After reviewing the pleadings and the arguments of counsel, the court

makes the following findings of fact and conclusions of law:

On June 7, 2006, Michael and Rebecca Schlosser (the "Plaintiffs") filed a civil action in

Davidson County Superior Court which asserted state law claims of professional negligence,

constructive fraud and breach of fiduciary duty, negligence, and negligent misrepresentation

against William T. Rightsell (the "Defendant"). The Plaintiffs' claims arose from the closing of

a secured loan granted by the Plaintiffs to Evelyn Waddell (the "Debtor"). The Defendant

subsequently filed a third-party complaint in Davidson County Superior Court asserting a right

of indemnity against the Debtor, as well as a claim for reformation of the deed of trust.

The Debtor filed a voluntary Chapter 13 petition on April 23, 2007. On May 2, 2007, the

Defendant filed a motion in this court for relief from the automatic stay to pursue his third-party

claim against the Debtor in Davidson County Superior Court. A hearing was held on the

Defendant's motion for relief from stay on May 9, 2007 and the motion was denied in an Order

entered by this court on June 20, 2007. On May 10, 2007, the Defendant filed a Notice of

Removal to this court of the action pending in Davidson County Superior Court. The Plaintiffs

filed the instant Motion to Remand on June 16, 2007 and requested that this court either abstain

from exercising its jurisdiction under 28 U.S.C. § 1334 or equitably remand the matter to

Davidson County Superior Court under 28 U.S.C. § 1452.

Section 1334(c)(2) states that:

> Upon timely motion of a party in a proceeding based upon a State law claim or
> State law cause of action, related to a case under title 11 but not arising under title
> 11 or arising in a case under title 11, with respect to which an action could not
> have been commenced in a court of the United States absent jurisdiction under
> this section, the district court shall abstain from hearing such proceeding if an
> action is commenced, and can be timely adjudicated, in a State forum of
> appropriate jurisdiction.

This statute contains five requirements: 1) a party to the proceeding files a timely motion to

abstain; 2) the proceeding is based upon a state law claim or cause of action; 3) the proceeding is

a "non-core, but related to" proceeding that does not "arise under" Title 11; 4) the proceeding is

one which could not have been commenced in a federal court absent jurisdiction under § 1334;

and 4) the action is commenced in and can be timely adjudicated by a state court. *See, e.g.,*

*Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 350 (Bankr. E.D. Va. 2006).

The court finds that all of the requirements for mandatory abstention under § 1334(c)(2) are met

in this case, which involves purely state law claims between entirely non-debtor parties, and declines to exercise its jurisdiction.

First, the court finds that the Plaintiffs have made a motion for abstention in this case, and that the motion was timely. The Defendant filed a Notice of Removal in this case on May 10, 2007, and the Plaintiffs responded with a Motion to Remand on June 16, 2007. In the interim, no substantive proceedings have been heard in the Debtor's case or in the Adversary Proceeding. Therefore, the court finds that the Plaintiffs' motion for abstention was timely.

The court also finds that the Plaintiffs' state law claims against the Defendant do not arise under Title 11 or arise in a case under Title 11, though they may be related to the Debtor's Chapter 13 case under Title 11. *Celotex Corp v. Edwards*, 514 U.S. 300, 307-08 (2005) (explaining that proceedings "related to" bankruptcy include suits between third parties that have an effect on a bankruptcy estate). Furthermore, it is not disputed that there would be no independent federal jurisdiction for the Plaintiffs' claims against the Defendant but for §1334(b), which confers on district courts "original but not exclusive jurisdiction of all civil proceedings arising under [T]itle 11, or arising in or related to cases under [T]itle 11."

The Defendant argued at the hearing that the Plaintiffs did not make the requisite showing that the Plaintiffs' state court causes of action could be timely adjudicated in state court. This court is persuaded that the Plaintiffs' state court claims can be timely adjudicated by the Davidson County Superior Court since the state court action was commenced more than one year ago, discovery has progressed, and depositions have been noticed. *See, e.g., Massey Energy*, 358 B.R. at 352 (holding that a state court action could be timely adjudicated when discovery had commenced and depositions had been noticed).

Based on the above, this court finds that it must abstain from hearing the Plaintiffs' state

court claims against the Defendant under 28 U.S.C. § 1334(c)(2). Per this court's June 20, 2007 Order, the automatic stay will remain in effect as to the Debtor and, thus, the Defendant's third-party claim against the Debtor. Following a resolution of the Plaintiffs' claims against the Defendant in Davidson County Superior Court, the parties may come again before this court to determine the appropriate forum to hear the Defendant's claim for indemnification against the Debtor, if necessary.

IT IS SO ORDERED.

Parties to be Served
07-6023


Daniel C. Bruton
P.O. Box 21029
Winston-Salem, NC 27120-1029

William Burton III
c/o Smith Moore
Suite 1400 300 North Greene St.
P.O. Box 21927
Greensboro, NC 27420-1927

Douglas Harris
1698 Natchez Trace
Greensboro, NC 27455-3224

Howard Knox
4456 Old High Point Rd.
Randleman, NC 27317-7231

Phillip Bolton
Suite 406 604 Green Valley Rd.
P.O. Box 10247
Greensboro, NC 27404-0247

Kathryn L. Bringle
P.O. Box 2115
Winston-Salem, NC 27102-2115

Manning Connors
Smith Moore
Suite 1400 300 North Greene St.
Greensboro, NC 27401-2171

William T. Rightsell
c/o Daniel C. Bruton
P.O. Box 21029
Winston-Salem, NC 27120-1029